A Franklin Mahoney, J.
This motion presents the issue of whether new article 14 of the CPLR, effective September 1, 1974, changed the decisional law developed subsequent to Dole v. Dow Chem. Co. (30 N Y 2d 143) that the plaintiff, after establishing at trial liability .of more than one defendant, is entitled to recover one judgment against all defendants and execute the same against any one of them (Kelly v. Long Is. Light. Co., 31 N Y 2d 25).
In the instant case, a jury returned verdicts* against all defendants in the gross sum of $51,000 and, after a charge on *227 apportionment, further found that the percentage of comparative negligence of the respective defendants was defendant Yurkiw, 60% and defendants Mac Kechnie and Murtha, 40%. The plaintiff entered judgment against all of the defendants and, now, defendants Mac Kechnie and Murtha move to vacate plaintiffs’ judgment and reform the same so as to require the entry of separate judgments against the respective defendants, each judgment reflecting the apportioned percentage of contribution and relating that, percentage to the gross verdict so that the movants would only be required to pay plaintiff 40% of $51,000.
The moving defendants contend that the language of CPLR 1402 to the effect that no defendant “ shall be required to contribute an amount greater than his equitable share ’ ’ should be construed as meaning that each codefendant, after liability has been established and the degree or percentage of culpability has been apportioned by a jury, should be responsible to the plaintiff only in such dollar amount as his percentage of culpability relates to the gross verdict. This contention is erroneous principally because it is premised on liability rather than on contribution between or among joint tort-feasoirs. The movants urge the view that if a jury determines that defendant “A” is only 40% liable to the plaintiff, then he should be required to pay only 40% of any verdict to the plaintiff. This view must be rejected because Dole v. Dow Chem. Co. (supra), Kelly v. Long Is. Light. Co. (supra) and CPLR article 14 have absolutely nothing to do with the issue of liability. In fact, they do not come into play until after liability has been established. They relate solely and only to contribution among tortfeasors after the degree of culpability of the respective codefendants has been fixed.
Next, movants’ argument that it is inequitable to compel a defendant, who has been found to be 10% negligent, to pay a judgment in full merely because he has insurance coverage adequate to satisfy the judgment, and then have to look for contribution from a codefendant covered by minimal insurance and wholly inadequate to satisfy his culpability fixed by the jury at 90%, is without merit when the .alternative is considered. One need not hypothesize but deal only with the facts of the case at bar. Upon information and belief, as well as an inference drawn from the circumstantial fact of the motion itself, the moving defendants are insureds under a policy more than sufficient to satisfy the entire judgment of $51,000. The non-moving codefendant is covered by the minimum coverage allowed, viz., $10,000. If the movants should prevail on this *228 motion, they would pay to the plaintiff the sum of $20,400 and the other defendant would pay 60% of its policy, viz., $6,000, making in sum ia total payment to plaintiffs of $26,400. Which is more equitable? That the plaintiffs, who were without fault, should receive approximately 50% of the verdict or that one of two tort-feasors, whose negligent conduct contributed to the mishap, should pay in dollars more than his proportionate share and then look to recover from his codort-feasor whatever he can up to the ability of that codefendant to pay his proportionate share ? The answer is obvious. Law reflects life and life is not always equitably balanced. While it is true that application of Bole (supra), Kelly (supra) and CPLR article 14 would seem to penalize the prudent individual who pays insurance premiums to obtain adequate coverage as opposed to one who merely complies with the law’s minimum requirement, it would he a greater inequity to a faultless plaintiff, as well as unduly enriching an insurer who has collected large premiums over an extended period, to require that each tort-feasor pay only that dollar amount as his degree of fault related to the gross verdict.
Finally, all discussion is academic. CPLR 1404 (subd. [a]) clearly states that “ (a) Nothing contained in this article shall impair the rights of any person entitled to damages under existing law. Professor McLaughlin (Practice Commentaries, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 1404) states that the purpose of this subdivision (a) is to codify the rule of Kelly (supra) that the plaintiff is still entitled to recover one judgment against all defendants, and that he may execute the judgment against any of the defendants.
Apportionment and contribution concern only defendants after liability has been fixed, and not the plaintiff.
The motion is denied.

 One verdict in favor of the infant plaintiff; one verdict in favor of the father in derivative action.